**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1217
_____

DAVID ZAMOS,
                            Appellant

v.

MCNEIL-PPC INC., A Division of Johnson & Johnson;
JOHNSON & JOHNSON CONSUMER INC.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2: 16-cv-05038)
District Judge: Hon. Robert F. Kelly

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2017

_____

Before: SMITH, <u>Chief Judge</u>, MCKEE, and RESTREPO, <u>Circuit Judges</u>

(Opinion filed: October 19, 2017)

_____

OPINION[*]
_____

McKEE, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

David Zamos appeals the District Court's Order granting McNeil-PPC's motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, we will affirm.

## I.

We exercise plenary review over the District Court's determination of diversity jurisdiction, but we review factual findings regarding diversity for clear error.[1] A clear error exists when the appellate court finds no plausible reason for the District Court's decision in light of the record.[2]

We review a District Court's decision granting a Rule 12(b)(6) motion to dismiss under a plenary standard.[3] A dismissal of a Complaint is properly granted when the complainant fails to craft a well-pleaded Complaint, including allegations that plausibly give rise to relief.[4]

## II.

Zamos argues that the District Court lacked subject matter jurisdiction because of an absence of complete diversity. However, the District Court correctly concluded that McNeil-PPC no longer existed as a legal entity because it had merged into Johnson & Johnson Consumer ("J&J"). On June 24, 2015, the Delaware Division of Corporations accepted a Certificate of Merger that stated McNeil-PPC was a New Jersey corporation

---

[1] *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 345 (3d Cir. 2013).
[2] *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982).
[3] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).
[4] *Bell Atl. Corp. v. Twombly*, 555–56 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

and that it had merged with several other corporations into J&J, effective June 29, 2015. J&J produced this Certificate to the District Court in support of its motion to remove, and Zamos did not challenge the Certificate as incorrect or fraudulent. Nevertheless, he now claims that McNeil-PPC continued to exist.

Zamos's claim is based on a variety of documents both included and not included in the record. We realize that the Proposed Agreement presented to Zamos, printed on J&J letterhead, identifies McNeil-PPC, Inc. as Zamos's employer and the signatory as an employee of McNeil-PPC. Nevertheless, the District Court found that McNeil-PPC ceased to exist as of June 29, 2015, when it merged with other companies to form J&J, and the record supports that finding. J&J is therefore an appropriate party to this suit, and the record establishes that it is a citizen of New Jersey.

### III.

Zamos also argues that the District Court erred in failing to apply the substantive law of New Jersey and by misapplying Pennsylvania law. His claims under Pennsylvania law include breach of contract, contractual bad faith, and equitable estoppel.

#### A. Breach of Contract

To succeed on his claim that J&J breached its contract with him, Zamos must prove the following elements: (1) a contract existed between the parties; (2) a breach of a duty required by the contract; and (3) damages from the breach.[5] "[A] reply to an offer

---

[5] *Williams v. Nationwide Mut. Ins.*, 750 A.2d 881, 884 (Pa. Super. 2000).

3

which purports to accept, but adds qualifications or makes acceptance conditional, is not an acceptance, but rather a counteroffer."[6]

Zamos was offered the Separation Agreement on February 11, 2016, but he failed to sign the contract by the 21-day deadline required in the agreement. Rather, his counsel responded by sending J&J a letter on March 1, 2016, two days before the offer would lapse, objecting to two provisions in the contract. This response constituted a rejection of the offer and a counteroffer, which was not accepted by J&J. Because the parties did not agree to a contract, the District Court correctly held that there could be no breach, and obviously no damages.

Zamos also argues that the District Court made an error in dismissing his equitable estoppel claim despite acknowledging that the doctrine is a defensive tool.[7] Zamos contends that he relied on J&J's representations that it would engage in negotiations in order to come to an agreement, notwithstanding the 21-day deadline present in the offer. His argument ignores the fact that there was no requirement for J&J to negotiate with Zamos, and the offer itself contained a clear provision stating that the offer would lapse after 21 days. Moreover, even if Zamos reasonably relied on J&J's willingness to negotiate, his counteroffer was submitted two days prior to the deadline, limiting J&J's ability to respond even if it desired to negotiate.[8]

---

[6] *Hatalowich v. Redevelopment Auth. of City of Monessen*, 312 A.2d 22, 24 (Pa. 1973).
[7] *Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) (there is no separate cause of action for equitable estoppel under Pennsylvania law).
[8] Further, Zamos's argument that substantive New Jersey law should be applied to this matter is only argued on appeal, and was not raised before the District Court. Zamos has

4

B. Contractual Bad Faith

Zamos argues that J&J acted in bad faith when it allowed the 21-day deadline to expire prior to responding to Zamos's letter. Pennsylvania courts "have recognized an independent cause of action for breach of a duty of good faith and fair dealing only in very limited circumstances."[9] The District Court obviously thought the fact that J&J did not "negotiate" with Zamos was attributable to the fact that he did not respond to J&J's offer until 48 hours before it lapsed, not to any bad faith on J&J's part. That conclusion is consistent with this record.

Finally, we also reject Zamos's argument that there has been a shift in the law of bad faith in Pennsylvania based on the Pennsylvania Supreme Court's decision in *Hanaway v. Parkesburg Grp., LP*.[10] There, the Court only discussed whether the covenant of good faith extended to limited partnership agreements.[11] That decision does not support Zamos's argument here.

**IV.**

---

therefore waived this argument. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 316 (3d Cir. 2014). Additionally, Zamos argues that J&J Consumer violated New Jersey's Conscientious Employee Protection Act ("CEPA") when it terminated his position. Zamos alleges that his position was terminated when he noticed a defect in the tamper-evident feature of a J&J product, and brought this to the attention of several senior employees of the corporation. However, his complaint did not allege a cause of action for retaliation. Accordingly, the District Court did not consider the CEPA claim in the first instance and Zamos has waived it on appeal.
[9] *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000).
[10] 2017 WL 3600580 at *8–9 (Pa. Aug. 22, 2017) (determining that the Pennsylvania legislature adopted the covenant of good faith into such agreements, but that the covenant did not apply retroactively).
[11] *Id.*

For the aforementioned reasons, we will affirm the Order of the District Court granting the motion to dismiss.[12]

---

[12] To the extent J&J expresses a desire for sanctions, we do not find such action is warranted in this matter.